## LOCAL UNION NO. 4320, COMMUNICATIONS WORKERS OF AMERICA (AFL–CIO), Appellant and Cross–Appellee,

v.

## CARROLL et al., Appellees and Cross–Appellants.

[Cite as *Local Union No. 4320, Comm. Workers of America v. Carroll* (1990), 70 Ohio App.3d 837.]

Court of Appeals of Ohio,
Franklin County.

No. 89AP–1487.

Decided Dec. 31, 1990.

*Paul Thompson* and *Jerry Riseling,* for appellant and cross-appellee.

*Mowery & Youell, Spencer M. Youell, James S. Mowery, Jr.* and *David Kessler,* for appellees and cross-appellants.

WHITESIDE, Judge.

Plaintiff, Local Union No. 4320, Communications Workers of America, appeals from a judgment of the Franklin County Court of Common Pleas and raises a single assignment of error, as follows:

"The trial court erred when, after holding that the union was entitled to enforcement of fines imposed on members for crossing a picket line and working during a strike, it reduced the amount of the fines."

Plaintiff brought this action seeking to enforce fines which it had levied against union members, Dale Haney, Billie Carroll and Harold Ransom, as well as against union members Terry Simms and Rachel Norwood. The fines were assessed under union rules for the members allegedly crossing a picket line and working during a lawful strike called by the union. The trial court found that the fine owed by Simms had been discharged in bankruptcy and that no fine could be imposed against Norwood because she had attempted to resign from the union before crossing the picket line. The union does not challenge these rulings of the trial court on appeal. As to the other three, and appellees herein, defendants Billie Carroll, Dale Haney and Harold Ransom, the union had imposed a fine of $3,104.70 against Billie Carroll, a fine of $3,182.40 against Harold Ransom, and a fine of $2,325.60 against defendant Dale Haney. The union equated these fines with the amount earned by the various defendants during the strike, without deduction for income taxes and other deductions, the amounts being gross rather than take-home pay. The common pleas court found the fines to be excessive. The court reduced the fines to $20 a day or to $380 for defendant Haney, $300 for defendant Carroll, and $520 for defendant Ransom.

At oral argument, counsel for the union conceded that the union does not contest the amount to which the fines were reduced or the power of the trial court to reduce the fines but, instead, contests only the fact of any reduction under the circumstances involved. In other words, the only issue presented by this appeal is whether the trial court abused its discretion in making a reduction of the fines under the circumstances involved.

In making a reduction, the trial court specifically stated in its opinion as follows:

"In this case, the amounts of the fines as decided upon by the Union trial court were equal to the gross pay for the presumed amount earned by the strike violator, while the strike was in progress—considerably more than net take home pay. The Court notes that the amount fined in each instance was greater than this Court may impose for the more serious misdemeanor crime and in the case of Carroll and Ransom greater than could be imposed for felonies of the fourth degree. Some drug trafficking offenses involve lesser fines. Fines, in those amounts and which are thusly arrived at, are by their very nature arbitrary, capricious and irrational."

We find no abuse of discretion on the part of the trial court in finding the fines as assessed by the union to be excessive. Rather than fines, a forfeiture was invoked, namely, a forfeiture of the gross earnings earned by the defendants while they worked as strike breakers in violation of union rules. Although the union contends that the fines may be tax deductible, no

explanation for a fine in the gross amount of wages earned, rather than net take-home pay, has been advanced by the union other than the contention that it is reasonable to impose a fine equal to earnings from strike breaking.

In support of its contention, the union cites cases from other jurisdictions where fines equal to earnings have been upheld, although in some instances it is unclear whether net or gross earnings were involved, and in addition the amount of the fines in many instances were relatively small and even exceeded the amount of earnings in some instances where the earnings were small. The union also points out the fact that, in some instances, forfeitures of contraband are permitted under the law following a criminal conviction. This is exactly the problem here: what the union imposed was a forfeiture rather than a fine. The fines were geared not at punishment either on a *per diem* or other basis but were geared strictly as a forfeiture of gross earnings against the strike-breaking employees. The trial court specifically found as follows:

"The Union conducted a trial in accordance with its Constitution and Bylaws. Each of the alleged strike breakers was found guilty by the Union and fined by the Union in an amount alleged to be what was earned by each defendant while working during the strike."

Section 1, Article XVI, of the union's bylaws provides simply that: "Members of this Local may be fined, suspended or expelled for any of the acts enumerated in Article XIX of the Union Constitution." It is conceded that working during a legal strike by the union (strike breaking) is an act for which a fine may be imposed. It will be noted that it is not contended that forfeiture of earnings earned while so working is provided for by the bylaws. Rather, a fine is to be imposed.

There was ample evidence upon which the trial court could find the amount of the fine to be excessive and unreasonable. There simply is no basis for the fines, other than an automatic forfeiture of gross earnings. Had the union wished to impose such a forfeiture, it could have so provided in its constitution or bylaws. Then, the validity of such a provision could be determined. However, the bylaws instead call for a fine (or suspension or expulsion from the union) rather than a forfeiture.

Unfortunately, no explanation for the fine other than its being a forfeiture has been advanced. Nor has it been demonstrated that the fine is equal to the amount that defendants actually benefitted from their strike-breaking activity. There is no evidence as to the amount of take-home pay, or as to whether there was a union maintenance fund for payment to striking union members during the strike. The trial court found the amount of the fine to be arbitrary

and unreasonable, and we find no abuse of discretion on the part of the court in so determining.

Although we have some reservations as to the amount to which the trial court reduced the fines, we find no abuse of discretion on the part of the trial court in determining the fines imposed by the union to be excessive. Since the union has indicated that it does not wish to contest the amount of the fines as imposed by the trial court, we need not determine whether the fines so imposed are unusually low in light of the total circumstances, nor whether the trial court otherwise erred in reducing the fines to that amount.

The defendants have raised several cross-assignments of error, even though their cross-appeal was previously dismissed by this court. They contend that they are defensive in nature; however, defendants contend that the trial court erred in finding each of them to be a member of the appellant union during the strike and erred in finding that the union trial was conducted in accordance with the union constitution and bylaws. The trial court, in considering these issues, expressly found against each of the defendants who remain as appellees upon their contention that they were not union members and, instead, found that they were union members and, thus, strike breakers. The trial court also found that the trials were properly conducted.

One of the contentions made by defendants is that the union failed to keep a proper record of these proceedings. It is this failure that is in part the basis of the trial court's determination that the fines were unreasonable since no justification or explanation which could possibly justify fines in such a large amount has been demonstrated.

For these reasons, as well as for the reason that an appellee who has not properly appealed cannot seek affirmative relief by way of an assignment of error, the purported cross-assignments of error raised by defendants are not well taken.

For the foregoing reasons, the assignments of error of plaintiff-appellant and the cross-assignments of error of defendants-appellees are all overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

STRAUSBAUGH and SMART, JJ., concur.

IRENE B. SMART, J., of the Fifth Appellate District, sitting by assignment.